IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. CARR, Trustee of the Bankruptcy Estate of PAUL and THELMA RENSBERGER, | CASE NO. CV F 06-0372 LJO |
| Plaintiffs, | **ORDER ON DEFENDANTS' MOTIONS TO DISMISS, STRIKE AND FOR MORE DEFINITIVE STATEMENT** |
| vs. | |
| THE UNITED STATES OF AMERICA, et. al, | |
| Defendants. / | |

Defendants Ross F. Carroll, Inc. and K.W. Emerson, Inc. make separate, but identical, motions to strike or dismiss plaintiff's nuisance count. Defendants also move for a more definite statement be required for paragraphs 17, 33, and 35 of Plaintiffs' Complaint as they improperly incorporate preceding paragraphs.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was injured while driving on a forestry road, USFS Road 1N10 when the road collapsed. Defendant Ross F. Carroll, Inc. and K.W. Emerson are two companies which had contracts with the United States to perform work on and repair road USFS Road 1N10. Plaintiff was on the road to deliver materials as part of repair work on the road. The road collapsed and his car rolled off the road and down a steep embankment. Plaintiff suffered personal injuries and Thelma Rensberger claims loss of consortium.

Plaintiffs filed a first amended complaint on June 6, 2006 to which defendants moved to dismiss.

1

Thereafter, plaintiffs filed for bankruptcy protection. The parties then stipulated to the filing of a second amended complaint to add the bankruptcy trustee as the real plaintiff in interest. Plaintiff filed the Second Amended Complaint on September 29, 2006. The claims for relief are:

1. Premises Liability
2. Negligence
3. Nuisance
4. Loss of Consortium.

The nuisance claim is at issue in these motions. Plaintiff claims that the road was:

- injurious to health,
- an obstruction of the free passage and use of the Road,
- unlawfully interfered with enjoyment/use of the Road. (Second Amended Complaint ¶34.)

Following the stipulation to file a Second Amended Complaint, the parties further stipulated that defendants' prior motions to dismiss would be deemed re-filed as to the Second Amended Complaint. The Nuisance claim was revised in the Second Amended Complaint, but the motions were not adjusted accordingly. The Court, thereafter, took the motions under submission without oral argument. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

## DEFENDANTS' MOVING ARGUMENTS

The nuisance claim fails to state a claim for relief. Plaintiffs' Nuisance Count states that it is both public and private in nature.

Plaintiff cannot show that the road was a private nuisance because a private nuisance cause of action is limited to complaints of damage to property interests, not personal injury. *Schwartz v. City of Rosemead*, 155 Cal.App.3d 547, 559 (1984). Plaintiff does not have a property interest in the road.

Plaintiff cannot show that the road was a public nuisance. Civil Code section 3480 defines a public nuisance as something "which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." The complaint alleges the road was closed to the public. (Amended

complaint ¶11.) The complaint does not allege the dangerous condition affected the public or a large number of persons.

Plaintiff cannot show that the road was a nuisance per se. Plaintiff's Complaint has failed to establish the existence of Nuisance per se as it nowhere states any applicable law that declared this roadway to be a nuisance. Where the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se. *City of Costa Mesa v. Soffer*, 11 Cal.App.4th 378, 382, 13 Cal.Rptr.2d 735 (1992).

Plaintiffs' Complaint is uncertain and unnecessarily redundant in that each count fully incorporates the previous count. Each of Plaintiffs' Counts should be clearly, concisely, and distinctly set forth.

**OPPOSITION ARGUMENTS**

The complaint alleges that the collapse of the road was a nuisance. Numerous cases establish that the obstruction of a street is a nuisance, citing cases.

Plaintiffs allege the road caused injury to their health, unlawfully obstructed Mr. Rensberger's free passage and/or use of the road and that the road's condition created a risk of harm to users. A claim for nuisance has been stated. Anything that obstructs a road is a nuisance. The collapse of the road prevented free passage by plaintiff and is therefore a nuisance.

There is not a requirement that a nuisance exist for a period of time before a person can recover for injury and damage. *Bright v. Ease Side Mosquito Abatement*, 168 Cal.App.2d 7 (1959).

Plaintiffs may bring a public and private nuisance claim. A private nuisance is every nuisance not included in the definition of a public nuisance.

The complaint complies with Rule 8 and the motion for more definite statement should be denied. Plaintiff has plead a "short plain statement of the elements." The court must accept as true the allegations of the complaint. The allegations set forth a violation of Civil Code 3479.

**REPLY ARGUMENTS**

Plaintiff cannot maintain a claim for public nuisance because the Complaint does not allege the condition affected a substantial number of people at the same time.

Plaintiff cannot maintain a claim for private nuisance plaintiff must prove an injury specifically referable to the use and enjoyment of his or her land. Plaintiffs have failed to allege an injury specifically referable to the use and enjoyment of their land.

## ANALYSIS & DISCUSSION

**A. Motion To Dismiss Standards**

**1. Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (for failure to state a claim upon which relief can be granted) is a challenge to the sufficiency of the pleadings set forth in the complaint. A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). A Fed.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

In resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).

**2. Rule 12(e)**

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. Motions for more definite statement are viewed with disfavor, and are rarely granted. *In re American Int'l Airways, Inc.*, 66 B.R. 642, 645 (ED PA 1986).

**3. Rule 12(f)**

A Rule 12(f) motion to strike may be made to have stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, rather than to test the legal

sufficiency of the claim. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.* 510 US 517, 534-535, 114 S.Ct. 1023, 1033 (1994); 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d at 1527. Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. *Id.* Allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant. *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F.Supp. 636, 637-638 (SD NY 1975).

**B.    Nuisance**

The defendants argue three different forms of nuisance are alleged by the collapse of the road: private nuisance, nuisance per se, and public nuisance. The Second Amended Complaint was revised and defendants did not address the revised allegations. Accordingly, the Court analyzed all three potential "nuisance" claims based on a liberally reading the complaint.

California defines nuisance as, "Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance." Cal.Civ.Code § 3479.

**Private nuisance:** A private nuisance is a civil wrong, based on a disturbance of rights in land. As defined by the Restatement Second of Torts, "[a] private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *People v. McDonald*, 137 Cal.App.4th 521, 534 (2006), citing (Rest.2d Torts, § 821D, p. 100). In *San Diego Gas & Electric Co. v. Superior Court,* 13 Cal.4th 893, 938 (1996), the court held that in order to state a claim for private nuisance, a plaintiff

must establish three elements. First, the plaintiff must prove an interference with his use and enjoyment of his property. Second, "the invasion of the plaintiff's interest in the use and enjoyment of the land [must be] substantial, i.e., that it cause[s] the plaintiff to suffer 'substantial actual damage.' " *San Diego Gas & Electric Co.*, 13 Cal.4th at p. 938. Third," '[t]he interference with the protected interest must not only be substantial, but it must also be unreasonable ' [citation], i.e., it must be 'of such a nature, duration or amount as to constitute unreasonable interference with the use and enjoyment of the land.' " *See California BAJI Instruction* 8.60 (Plaintiffs were the owner of an interest in real property; defendant interfered with plaintiffs' private use and enjoyment of this interest; and the interference was "substantial" and "unreasonable;" and caused injury.)

Plaintiff has not alleged facts to support a claim for private nuisance. Plaintiffs have not alleged their rights in the land.

**Negligence per se:** The concept of a nuisance per se arises when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance. *Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal.App.4th 1160, 1206-1207 (1996). "But, to rephrase the rule, to be considered a nuisance per se the object, substance, activity or circumstance at issue must be <u>expressly declared</u> to be a nuisance by its very existence by some applicable law. *Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal.App.4th at 1207 (emphasis added).

Plaintiff has not alleged facts to support a claim for nuisance per se. Plaintiff has not alleged the law that declared the road/events to be a nuisance.

**Public nuisance:** Civil Code section 3480 provides: "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." In determining whether a particular activity constitutes a public nuisance, a court considers three elements: (1) the proscribed act, (2) whether the result of the act interferes with the comfortable enjoyment of life or property, and (3) whether the act affects a sufficient number of persons. *People v. McDonald*, 137 Cal.App.4th at 535.

Plaintiff cites several cases for the proposition that an obstruction of a street is a nuisance. In *Phillips v. City of Pasadena*, 27 Cal.2d 104, 162 P.2d 625 (1945), the defendant had erected a gate,

which unlawfully obstructed a road. The Court held that "The unlawful barricading of a public street constitutes a nuisance for which a person specially injured may maintain an action [citations omitted] and where such an obstruction cuts off all means of ingress and egress the nuisance is especially injurious within the meaning of the rule." *Id.* At 106. In *Bright v. East Side Mosquito Abatement Dist.*, 168 Cal. App. 2d 7, 10, 11 (1959), the court concluded that a thick blanket of chemical fog that made it impossible for motorists to see or proceed safely down the highway was a nuisance. The Court held that Civ.Code § 3482, providing that nothing done under express authority of a statute can be deemed a nuisance, did not protect a mosquito abatement district from liability for a nuisance created by a thick blanket of chemical fog used in spraying mosquitoes which drifted across a highway and reduced visibility to zero. The fog impaired numerous drivers. *See also, Paterno v. State of California*, 74 Cal.App.4th 68, 103, 87 Cal.Rptr.2d 754 (1999), rejecting the argument that "a nuisance cause of action cannot be substituted for a dangerous condition of property cause of action where the cause of the 'nuisance' is a dangerous condition of public property."

Plaintiff has not alleged facts to support a claim for public nuisance. Plaintiff has not alleged that the act affects a sufficient number of persons.

**Motion for a More Definite Statement/Motion to Strike**

Defendants move for a more definite statement be required under paragraphs 17, 33, and 35 of Plaintiffs' Complaint. Defendants argue that these paragraphs improperly incorporate the preceding paragraphs of the complaint. Defendants cite *Byrne v. Nezhat*, 261 F.3d 1075, 1129-1130 (11th Cir. 2001) for the proposition that "shotgun pleading" should not be permitted.

A plaintiff's failure to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes "shotgun pleading." *Byrne*, 261 F.3d at 1129-30. Fed.R.Civ.P. 8 merely requires a short plain statement of the claim showing plaintiffs are entitled to relief. Defendant has not cited any Ninth Circuit or even district court decisions which find that incorporating preceding paragraphs is a shot gun pleading.

In addition, defendants have not argued how incorporating the preceding paragraphs prevents them from framing a responsible answer.

**CONCLUSION**

For the reasons discussed above, this Court:

1. GRANTS defendants' F.R.Civ.P. 12(b)(6) motion to dismiss with LEAVE TO AMEND. Plaintiff is required to amend the complaint to clearly allege the type of nuisance he claims.
2. DENIES defendants' F.R.Civ.P. 12 (e) motion for a more definite statement.
3. DENIES defendants' F.R.Civ.P. 12(f) motion to strike.
4. ORDERS plaintiffs, no later than 15 days from date of service of the order, to file an amended complaint in compliance with this order.

IT IS SO ORDERED.

**Dated:    November 17, 2006**                     /s/ Lawrence J. O'Neill
b9ed48                                              UNITED STATES MAGISTRATE JUDGE