McGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL (SBN 219924)
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN M. CARR, Trustee of the Bankruptcy Estate of PAUL and THELMA RENSBERGER,<br><br>            Plaintiffs,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA'S FOREST SERVICE, ROSS F. CAROLL, INC., and K.W. EMERSON, INC., et al.,<br><br>            Defendants. | 1:06-cv-00372-LJO-SMS<br><br>**SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER** |
| UNIGARD INSURANCE COMPANY,<br><br>            Plaintiff in Intervention,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA, THE UNITED STATES OF AMERICA'S FOREST SERVICE, ROSS F. CARROLL, INC., a California corporation, and K.W. EMERSON, INC. et al.,<br><br>            Defendants in Intervention. | |

IT IS HEREBY STIPULATED by and between Plaintiff in Intervention, Unigard Insurance Company ("Unigard"), and defendants The United States of America and The United States of America's Forest Service ("United States"), and their undersigned attorneys, as follows:

1.   The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.   The United States agrees to pay the sum of Five Thousand Dollars ($5,000.00) to Unigard, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen damage to property and the consequence thereof, resulting, and to result, from the subject matter of this action which Unigard or its assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

3.   Unigard and its assigns hereby agree to accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature arising from, and by reason of, any and all known and unknown, foreseen and unforeseen damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter

that gave rise to this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

   4. Unigard's undersigned attorneys represent that they have explained, and Unigard warrants and represents that it intends, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the Release, which if known by him or her must have materially affected his or her settlement with the debtor.

   5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, or employees, and it is specifically denied that they are liable to Unigard. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

   6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by Unigard will be paid out of the settlement amount and not in addition thereto. Pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection

with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. Payment of the settlement amount will be made by check drawn on the Treasury of the United States for Five Thousand Dollars ($5,000.00) and made payable to Morse, Bolinger & Associates, Attorney for Unigard Insurance Company. The check will be mailed to Unigard's attorney at the following address: Michael S. Morse, Morse, Bollinger & Associates, 2300 Contra Costa Blvd., Suite 285, Pleasant Hill, California 94523. Unigard's attorney agrees to distribute the settlement proceeds and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

8. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person(s) on whose behalf he or she is signing to the terms of the Stipulation.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral

1 understandings, agreements, and writings are superseded by this
2 Stipulation and are of no force or effect.
3     11. Each person executing this Stipulation represents
4 that he or she has read and understands its contents; that he or
5 she executes this Stipulation voluntarily; that he or she has not
6 been influenced by any person acting on behalf of any party.
7     12. The above-captioned action is hereby DISMISSED
8 WITH PREJUDICE as between Unigard and the United States and, upon
9 approval by the Court as provided below, the Clerk of the Court
10 is requested to enter this dismissal and release in the official
11 docket.
12     13. This Stipulation may be signed in one or more
13 counterparts, each of which shall be deemed to be an original and
14 all of which together shall constitute one and the same
15 instrument.
16     14. Notwithstanding the entry of a dismissal herein,
17 the parties hereby stipulate that this Court shall retain
18 jurisdiction to enforce the terms of this settlement.

Dated: December 3, 2008.    UNIGARD INSURANCE COMPANY

    By: /s/Anne Hess
    Its: Subrogation Specialist

Dated: December 3, 2008.    MORSE, BOLLINGER & ASSOCIATES

    By: /s/Michael S. Morse
    MICHAEL S. MORSE
    Attorneys for Unigard

Dated: December 9, 2008.                McGREGOR W. SCOTT
                                        United States Attorney


                                         /s/Benjamin E. Hall
                                    By: BENJAMIN E. HALL
                                        Assistant U.S. Attorney
                                        Attorney for the United States


**ORDER**

IT IS SO ORDERED.

**Dated:   December 9, 2008**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE